ELLEN S. ROBBINS (SBN 298044)
ellen.robbins@akerman.com
EVELINA GENTRY (SBN 296796)
evelina.gentry@akerman.com
**AKERMAN LLP**
601 W. Fifth Street, Suite 300
Los Angeles, CA  90071
Telephone: (213)  688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
H.I.G. CAPITAL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LOZANO, DECEASED, by and through his Co-Successors in Interest, OSCAR PUENTES, individually, and KARLA GUTIERREZ, individually,<br><br>Plaintiff,<br><br>v.<br><br>WELLPATH LLC, a Delaware limited liability company; CALIFORNIA FORENSIC MEDICAL GROUP, INC. dba WELLPATH, a California professional corporation; H.I.G. CAPITAL, LLC, a Delaware limited liability company; COUNTY OF VENTURA; a municipal corporation; SHERIFF WILLIAM AYUB, in his individual and official capacities; WILLIAM T. FITHIAN III, M.D.; PAUL ADLER, D.O.; RONALD POLLACK, M.D.; JANICE THOMAS, M.D.; GERARD BOYLE; JORGE A<br><br>Defendants. | Case No. 2:21-cv-03153-FLA (DFMx)<br><br>The Hon. Fernando L. Aenlle-Rocha<br><br>**DEFENDANT H.I.G. CAPITAL LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Request for Judicial Notice filed concurrently herewith]<br><br>Date: October 1, 2021<br>Time: 1:30 p.m.<br>Courtroom: 6B |

PLEASE TAKE NOTICE that on October 1, 2021 at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 6B of the United States District Court, Central District, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendant H.I.G. Capital, LLC ("HIG") will and hereby does move this Court to dismiss each and every

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

count alleged against them in the Complaint pursuant to Federal Rule of Civil Procedure, Rules 12(b)(6) and 12(f).

This motion is made on the following grounds as more fully set forth in the memorandum of points and authorities:

1. To the extent Plaintiffs seek to allege that HIG's liability is based on its alleged *alter ego* relationship with CFMG, the Complaint fails to allege sufficient facts to invoke this doctrine.

2. Plaintiffs' First through Fifth claims fail to state a claim upon which relief can be granted:

   a. Plaintiffs' First and Second claims for violation of civil rights brought under 42 U.S.C. § 1983 fail because the Complaint lacks sufficient factual allegations that HIG is a state actor and, in general, lacks sufficient allegations to support Plaintiffs' Section 1983 claims. Plaintiffs also fail to plead that HIG is the proximate cause of the alleged constitutional violations. Plaintiffs' related prayer for punitive damages fails for the same reasons.

   b. Plaintiffs' Third claim for Violation of Civil Code § 52.1 fails because the Complaint does not allege *any* facts to support it.

   c. Plaintiffs' Fourth claim for violation of the Americans with Disabilities Act and Rehabilitation Act fails because HIG does not fall within these statutes and Plaintiffs does not and cannot demonstrate otherwise.

   d. Plaintiffs' Fifth claim for wrongful death based on negligence fails because the Complaint does not allege sufficient facts to show any negligence.

3. Plaintiffs' claim for punitive damages against HIG must be stricken because Plaintiffs' unsupported and conclusory claims of maliciousness, oppression or recklessness are inadequate to support the heightened pleading standard to claim entitlement to punitive damages.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

This motion is made following multiple telephonic meet and confer conferences with Plaintiffs' counsel, as required by Court Central District Local Rule 7-3, which took place on April 15, 2020, June 9, 2021, and June 24, 2021. During the meet and confer conferences, counsel for Plaintiffs and counsel for Defendants discussed in detail the substance of this Motion and any potential resolution. Additionally, counsel exchanged numerous meet and confer emails. The meet and confer efforts have been unsuccessful to date, and the Court has now ordered that HIG file its Motion by August 13, 2021.

This motion will be made and based on this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, the pleadings and records on file with this Court, any other matters of which the Court may take judicial notice, and upon such oral or documentary evidence as may be presented at the hearing of this motion.

DATED:  August 13, 2021          AKERMAN LLP


By: __/s/ Ellen S. Robbins_____
    Ellen S. Robbins
    Evelina Gentry
    Attorneys for Defendant
    H.I.G. CAPITAL, LLC

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**
59495058;1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES............................................1

I.   INTRODUCTION.......................................................................................1

II.  PLAINTIFFS' ALLEGATIONS ................................................................3

III. LEGAL STANDARD..................................................................................7

IV.  ARGUMENT ..............................................................................................8

    A.   The Complaint Fails to Allege What HIG Did and How It Is Supposedly Liable ...............................................................................8

    B.   Plaintiffs Have Failed to Establish an *Alter Ego* Relationship Between HIG and CFMG...............................................................10

    C.   Section 1983 Claims Against HIG Fail as the Matter of Law ................14

        1)   Plaintiffs Have Not and Cannot Allege That HIG Acted Under the Color of State Law.......................................................14

        2)   Plaintiffs Have Not Alleged Proximate Cause ................................16

        3)   Plaintiffs' Depravation of the Parent/ Child Relationship Claim (Count 1) Fails .................................................................17

        4)   Plaintiffs' *Monell* Claim (Count 2) Fails.........................................18

    D.   Plaintiffs' Bane Act Claim (Count 3) Fails............................................20

    E.   Plaintiffs' Claims for Violations of ADA and Rehabilitation Act Fail (Count 4) ...................................................................................20

    F.   Plaintiffs' Wrongful Death-Negligence Claim (Count 5) Fails.............22

    G.   Plaintiffs' Claim for Punitive Damages Must Be Stricken.....................23

V.   LEAVE TO AMEND SHOULD NOT BE ALLOWED .................................23

VI.  CONCLUSION ..........................................................................................24

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arnold v. Browne*,
27 Cal.App.3d 386 (1972) ...................................................................... 11

*Ashcroft v. Iqbal*,
129 S.Ct. 1937 (2009)................................................................... *passim*

*Associated Vendors, Inc. v. Oakland Meat Co.*,
210 Cal.App.2d 825 (1962) ............................................................ 11, 12

*Austin B. v. Escondido Union School Dist.*,
149 Cal.App.4th 860 (2007) ................................................................ 21

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...........................................................8, 11, 20

*City of Canton v. Harris*
489 U.S. 378 (1989)............................................................................ 20

*Cnty. of Sacramento v. Lewis*,
523 U.S. 833 (1998)............................................................................ 18

*Cuviello v. City of Stockton*,
2009 WL 9156144 ............................................................................... 15

*Dang v. Cross*,
422 F.3d 800 (9th Cir. 2005) .............................................................. 24

*Doe v. United States*,
58 F.3d 494 (9th Cir. 1995) ................................................................ 24

*Duvall v. County of Kitsap*,
260 F.3d 1124 (9th 2001) ................................................................... 22

*Ericson v. Federal Exp. Corp.*
162 Cal.App.4th 1291 (2008)............................................................. 23

*Est. of Ricardez v. Cty. of Ventura*,
2020 WL 3891460 (C.D. Cal. June 24, 2020)..........................*passim*

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

*Florer v. Congregation Pidyon Shevuyim, N.A.*,
  639 F.3d 916 (9th Cir. 2011) ........................................................................ 14, 15

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) ........................................................ 9

*Francine Bible-Marshall, et al. v. Montgomery County*,
  Case No. 4:20-cv-00028, Dkt. No. 47 (S.D. Tex. Sept. 28, 2020) .................... 12

*Franklin v. Fox*,
  312 F.3d 423 (9th Cir. 2002) ........................................................................ 17

*Gen–Probe, Inc. v. Amoco Corp., Inc.*,
  926 F.Supp. 948 (S.D. Cal. 1996) ................................................................ 9

*Harvey v. Harvey*,
  949 F.2d 1127 (11th Cir. 1992) .................................................................... 15

*Herd v. County of San Bernardino*,
  311 F. Supp. 3d 1157 (C.D. Cal. 2018) ........................................................ 19

*A.E. ex rel. Hernandez v. County of Tulare*,
  666 F.3d 631 (9th Cir. 2012) ........................................................................ 19

*Holmstrand v. Dixon Hous. Partners*,
  2011 WL 2631834 (E.D. Cal. June 30, 2011) ................................................ 15

*Howerton v. Gabica*,
  708 F.2d 380 (9th Cir 1983) ........................................................................ 17

*Inman v. Anderson*,
  294 F.Supp.3d 907 (N.D. Cal. 2018) ............................................................ 19

*Johnson v. Baca*,
  2013 WL 12131358 (C.D. Cal. 2013) .......................................................... 20

*Kirtley v. Rainey*,
  326 F.3d 1088 (9th Cir. 2003) ...................................................................... 14, 15

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ........................................................................ 8

*Lee v. Katz*,
  276 F.3d 550 (9th Cir. 2002) ........................................................................ 16

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:21-cv-03153-FLA (DFMx)

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**

59495058;1

*Lemire v. California Department of Corrections & Rehabilitation*,
726 F.3d 1062 (9th Cir. 2013) ......................................................................... 18

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) ......................................................................... 24

*Lopez v. Southern Cal. Rapid Transit Dist.*
40 Cal. 3d 780 (1985) ...................................................................................... 23

*Luzon v. Atlas Ins. Agency, Inc.*,
284 F. Supp. 2d 1261 (D. Hi. 2003) .................................................................. 2

*Mason v. Cty. of Orange*,
251 F.R.D. 562 (C.D. Cal. 2008) ....................................................................... 9

*Meadows v. Emett & Chandler*,
99 Cal. App. 2d 496 (1950) .............................................................................. 13

*Mid-Century Ins. Co. v. Gardner*,
9 Cal.App.4th 1205 (1992) ............................................................................... 13

*Mitchell v. Dupnik*,
75 F.3d 517 (9th Cir. 1996) ............................................................................. 24

*Monaco v. Liberty Life Assur. Co*,
2007 WL 1140460 (N.D. Cal. Apr. 17, 2007).................................................. 11

*Morgan v. Woessner*,
997 F.2d 1244 (9th Cir. 1993) ......................................................................... 24

*Neilson v. Union Bank of California, N.A.*,
290 F.Supp.2d 1101 (C.D. Cal, 2003)............................................................. 10

*Newland v. Dalton*
81 F.3d 904 ...................................................................................................... 24

*Porter v. Osborn*,
546 F.3d 1131 (9th Cir. 2008) ......................................................................... 18

*Price v. Hawaii*,
939 F.2d 702 (9th Cir. 1991) ........................................................................... 15

*Quiroz v. Seventh Ave. Ctr.*,
140 Cal. App. 4th 1256 (2006)......................................................................... 23

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:21-cv-03153-FLA (DFMx)
**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**

59495058;1

*Robertson v. Thompson*,
   2020 WL 8028817 (C.D. Cal. Sept. 7, 2020) ..................................................22

*U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*,
   971 F.2d 244 (9th Cir. 1992) ........................................................................ 8

*Salcido v. Johnson*,
   2020 WL 5219670 (C.D. Cal. Apr. 23, 2020) ................................................22

*Sigmon v. Community Care HMO*,
   234 F.3d 1121 (10th Cir. 2000) .....................................................................17

*Smith v. Wade* (1983)
   461 U.S. 30 ...................................................................................................24

*Sollberger v. Wachovia Sec., LLC*,
   2010 WL 2674456 (C.D. Cal. June 30, 2010) ................................................ 9

*Sonora Diamond Corp. v. Superior Court*,
   83 Cal.App.4th 523 (2000) ......................................................................10, 13

*Sutton v. Providence St. Joseph Med. Ctr.*,
   192 F.3d 826 (9th Cir. 1999) ........................................................................15

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................................... 8

*United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., et al*,
   1 Cal.3d 586 (1970) ......................................................................................23

*Weinrich v. Los Angeles*,
   114 F.3d 976 (9th Cir. 1997) ...................................................................21, 22

*West v. Atkins*,
   487 U.S. 42 (1988)........................................................................................14

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ........................................................................23

*Wine Bottle Recycling, LLC v. Niagara Sys. LLC*,
   2013 WL 1120962 (N.D. Cal. Mar. 18, 2013) ...............................................12

**Statutes**

29 U.S.C. § 794...............................................................................................22

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

42 U.S.C. § 1983.................................................................................14, 15, 17, 20

42 U.S.C. § 12131.................................................................................2,7, 21, 22

42 U.S.C. § 12132................................................................................2, 7, 21, 22

California Civil Code § 52.1...............................................................2, 7, 20, 21

**Rules**

Fed. R. Civ. Proc. 8................................................................................4, 7, 9, 10

Fed. R. Civ. Proc. 11.................................................................................9, 11

Fed. R. Civ. Proc. 12(b)............................................................................7, 8, 19

Fed. R. Civ. Proc. 12(f)............................................................................23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**AKERMAN LLP**
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:21-cv-03153-FLA (DFMx)

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**

59495058;1

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

H.I.G. Capital ("HIG") is a leading global private equity firm and investment manager with an investment portfolio of over 70 companies. HIG is responsible for making investments on behalf of a limited partnership private equity fund and performs diligence and oversight on those investments; significantly, HIG does not hold any ownership interest in its investment portfolio companies. In 2013, HIG, *through an affiliate*, made an equity investment in California Forensic Medical Group ("CFMG"). In 2018, CFMG, through a merger with another entity, became Wellpath Holdings, Inc. ("Wellpath"), a medical and behavioral healthcare provider to many different correctional facilities, including the Ventura County Jail ("Ventura Jail").

Notwithstanding HIG's far-removed role as a mere equity sponsor and investment manager, Plaintiffs now seek to hold HIG responsible for the tragic death of Carlos Lozano, an individual with a history of significant psychological issues, who was incarcerated at Ventura Jail and took his own life. Plaintiffs raise a variety of misguided and factually unsupported (and unsupportable) theories, including casually and mistakenly labeling HIG an *alter ego* of CFMG and Wellpath LLC (another defendant, different from the above-mentioned Wellpath) and various individuals, as well as a state actor.  However, Plaintiffs do not - *and cannot* - allege any factual basis for holding HIG liable or responsible for any of the alleged wrongdoing.

The 118-paragraph, 32-page Complaint contains a laundry list of boilerplate and confusing allegations in an attempt to allege some sort of *alter ego* concept to make HIG liable. However, not a single fact is alleged to support Plaintiffs' outlandish notion that HIG, a mere equity sponsor and investment manager overseeing an investment (which is one of 70 similar investments) in an entity far removed in the corporate structure from CFMG's day-to-day activities at Ventura Jail, should or even could be held legally liable for one inmate's suicide. Indeed, this Court's opinion in *Est. of Ricardez v. Cty. of Ventura*, 2020 WL 3891460, (C.D. Cal. June 24, 2020), *cert. denied sub nom. Ricardez*

59495058;1

*v. Cty. of Ventura*, 2020 WL 7862129 (C.D. Cal. Aug. 6, 2020) ("*Ricardez*") is directly on point. There, considering *almost identical allegations* against HIG, the Hon. J. F. Walter held that "[p]laintiffs have failed to adequately allege an *alter ego* or agency relationship between [HIG] and CMFG," and dismissed the action against HIG with prejudice.

Plaintiffs' state actor allegations are even more deficient. Indeed, the Complaint is *completely* devoid of any allegations to support the theory that HIG was either a state actor or acting under color of law. Additionally, Plaintiffs have not – nor can they –allege that HIG was the proximate cause of the alleged constitutional violations. Plaintiffs' Bane Act claim also lacks the most basic factual allegations. What is more, Plaintiffs' Bane Act claim is predicated on a purported claim of deliberate indifference to Lozano's medical needs; however, the Complaint does not allege any such claim. Plaintiffs also allege a violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). However, Plaintiffs' ADA and RA claims do not allege any HIG-specific conduct, nor do they make it clear how these statutes even apply to HIG. Plaintiffs' wrongful death claim is similarly deficient and lacks even the most cursory allegations against HIG.

Tellingly, because Plaintiffs cannot allege any specific conduct by HIG to tie it to the purported constitutional violations, they resort to the artifice of simply lumping HIG with CFMG, Wellpath LLC, and other defendants throughout the entire Complaint. Indeed, the Complaint should be dismissed based on the striking absence of adequate factual allegations to support the claims asserted against HIG. See *Luzon v. Atlas Ins. Agency, Inc.,* 284 F. Supp. 2d 1261, 1263 (D. Hi. 2003) (dismissing complaint and expressing doubt about plaintiffs' good faith basis for alleging violations of constitutional rights by a private company where plaintiff fails to allege facts demonstrating state action).

In sum, Plaintiffs fail to articulate any viable claims against HIG. This is not surprising, because HIG lacks any proximate – or, in reality, actual – connection to the

1   conduct and procedures alleged by Plaintiffs. Because Plaintiffs have not and cannot meet

2   their burden of pleading with the requisite factual specificity to withstand a motion to

3   dismiss, HIG respectfully requests that the Court grant its Motion.

4   ## II.   PLAINTIFFS' ALLEGATIONS

5   Carlos Lozano suffered from multiple mental health issues. (Compl., ¶¶ 42-52).

6   On May 9, 2018, Lozano, following a mental breakdown, "attempted to run his parents

7   over, hit a pole, and drove off" onto the 101 Freeway, where he collided with five

8   vehicles. (*Id.*, ¶¶ 46, 51-59). Lozano was then apprehended and transported to Ventura

9   County Jail, where, on May 19, 2020, he committed suicide.  (*Id.* ¶¶ 54,58,63).

10   The Complaint attempts to allege that HIG, a private equity sponsor, is responsible

11   for Lozano's death because HIG is "the *alter ego* of the other Wellpath Defendants."

12   (Compl., ¶ 20). The "Wellpath Defendants" are defined as: (1) Wellpath LLC, a private

13   for-profit Delaware limited liability company, (2) California Forensic Medical Group,

14   Inc. ("CFMG"), a professional medical corporation providing medical services in the

15   Ventura County Jail, (3) an individual defendant Gerard Boyle ("Mr. Boyle"), who is the

16   founder of Wellpath LLC; (4) an individual defendant Jorge A. Dominicis ("Dominicis"),

17   who is the Chief Executive Officer of Wellpath LLC; and (5) individual defendants,

18   William T. Fithian, III M.D. ("Fithian"), Paul Adler, D.O. ("Adler"), Ronald Pollack,

19   M.D. ("Pollack"), and Janice Thomas, M.D. ("Thomas"), who are medical professionals.

20   (Compl., ¶¶6, 7, 11, 17, 20). Disregarding the individual Wellpath Defendants, Plaintiffs

21   draw the sweeping conclusion that "at all material times there existed such a unity of

22   interest between [HIG] and the other Wellpath Defendants, such that separate

23   personalities long exist and if their acts are treated as those of their *respective entities*

24   *alone*, inequitable results will follow." (*Id*, ¶ 20) (Emphasis added).

25   To support this far-reaching *alter ego* conclusion (which merely recites

26   mechanically the definition of the *alter ego* doctrine), Plaintiffs make a series of

27   conclusory, boilerplate, and contradictory allegations that run afoul of Rule 8 and *alter-*

28   *ego* law, and essentially treat HIG, Wellpath LLC, and CFMG as one and the same. For

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

example, Plaintiffs assert that "HIG *through an affiliate* acquired a controlling interest in CFMG via a highly leveraged buyout." (Compl., ¶ 22) (emphasis added). However, the remainder of the Complaint ignores any distinction between HIG and that affiliate and, disregarding basic principles of corporate separateness, summarily concludes and treats both entities as one and, for instance, incorrectly alleges that HIG *and not the affiliate* "acquired CFMG." (*Id*., ¶ 23). In a similar fashion, Plaintiffs also disregard the corporate separateness of HIG and CFMG and incorrectly allege that HIG is a party to the contract between CFMG and the County of Ventura to provide medical services. (*Id*., ¶¶ 9, 27). However, a review of the contract at issue (which is attached to the Complaint) wholly contradicts Plaintiffs' allegations.

Plaintiffs further allege that HIG "controls, dominates, and operates the Wellpath Defendants, and does so for the purpose of evading creditor liability, concealing proceeds resulting from money laundering, and other ill-gotten gains from acts of public corruption." (*Id*., ¶ 24). Such allegations are scandalous and should be stricken. Indeed, Plaintiffs do not even attempt to detail how it is that ***HIG*** exercises control, ownership, and domination over the Wellpath Defendants, which Plaintiffs' definitional term includes two entities and six individuals, one of whom (Boyle) is currently under indictment for actions that occurred *well before* HIG's alleged association with him and his company, Correct Care Solutions.[1] Nonetheless, in a misguided effort to bolster their wholly unsupported conclusory allegations, Plaintiffs inappropriately refer to those completely unrelated public corruption charges in order to implicitly implicate HIG into a scheme that predated its association with Boyle. (*Id*., ¶ 24).

Plaintiffs also fail to cite a single instance in which any member of the Wellpath Defendants ever failed to pay a debt -- because none exist. To the contrary, Plaintiffs' own allegations that "HIG has handled [Wellpath LLC's] and [CFMG's] finances to accommodate [HIG's] own business interests, thereby maximizing their profits," (*Id*., ¶

---

[1] A copy of the indictment at issue is subject to a Request for Judicial Notice and is attached thereto as Exhibit A.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

25), albeit wholly unsupported, seemingly contradict Plaintiffs' claim that HIG is financially unsound. Plaintiffs then allege that "[t]hrough HIG's creation of the aforementioned entities, HIG [has] failed to maintain [an] arm's length relationship with [Wellpath LLC] and CFMG." (*Id.*, ¶ 26). However, no entities supposedly created by HIG are "aforementioned," nor are any "failures" to maintain an arm's length relationship.

Switching approaches, Plaintiffs conclude by alleging "H.I.G. DEFENDANTS [*a term that is undefined*] have disregarded corporate formalities throughout the United States … by frequently acquiring and changing the names of entities, failing to file accurate statements of information, and thereby causing confusion in the marketplace." (*Id.*, ¶ 26). Tellingly, none of Plaintiffs' claims that purportedly constitute "disregarding corporate formalities" are substantiated by any facts whatsoever.

At that point, Plaintiffs give up any pretense of even trying to plead with the required specificity. Other than the scarce allegations identified above, the Complaint lacks any non-boilerplate *factual* allegations specifically against HIG; instead, throughout the entirety of the remaining 90 or so paragraphs of the Complaint, Plaintiffs refer to HIG, CFMG, Wellpath LLC, and numerous individuals collectively as "Wellpath Defendants" or together with other defendants as "Defendants."

With respect to the purported constitutional violations, Plaintiffs do not make a single allegation that HIG is a state actor. Instead, without any support, Plaintiffs simply conclude that "[a]t all material times, *each Defendant* acted under color of the laws." (*Id.*, ¶ 36) (emphasis added). Plaintiffs then summarily assert that "defendants … had actual knowledge that [Lozano] was suffering from serious psychiatric illness," "Defendants were deliberately indifferent to [Lozano's] serious psychiatric needs," (*Id.*, ¶ 66), and Lozano's death "was the proximate result of the Defendants' deliberate indifference to his serious medical needs … failure to reasonably train and supervise jail deputies and health care personnel … Defendants' policies of … ratifying and/or authorizing the deliberate indifference to serious medical needs … failure to reasonably staff, train,

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

CASE NO. 2:21-cv-03153-FLA (DFMx)
**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1

supervise, and equip." (*Id.*, ¶¶ 36, 65-70; *see also* 77-79). Not only are these statements illogical – (*e.g.*, how could an equity sponsor like HIG possibly be responsible for such granular details in a single facility?) – but also Plaintiffs' collectively-pled, conclusory allegations make it impossible for HIG to decipher what is alleged against them specifically, in what conduct they allegedly engaged, and/or why they are alleged to be responsible for Lozano's death. Plaintiffs then conclude that "[a]s a direct and proximate result of Defendants' acts and/or omissions *as set forth above*, Decedent and Plaintiff, sustained injuries and damages." (*Id.* ¶ 80.) (emphasis added.) But, nothing is "described above" as to HIG; instead, Plaintiffs rely on genericisms and labels asserted against "Defendants." (*Id.*, *e.g.*, ¶¶ 77-82.) Consequently, it is impossible for HIG to glean from Plaintiffs' allegations what it specifically did or how it could possibly be responsible for Lozano's death. As a result, the Complaint should be dismissed.

Plaintiffs' *Monell* claim is likewise replete with boilerplate allegations directed at the omnibus Defendants and Wellpath Defendants. (*Id.*, ¶¶ 83-90). The Complaint alleges a laundry list of purported customs, policies, and practices' failures at Ventura Jail, which were purportedly directed not only by the County of Ventura and the Ventura County Sheriff's Office, but also by "the Wellpath Defendants." (*Id.*, ¶¶ 84-85). But, none of Plaintiffs' allegations is supported by a single "fact" regarding how HIG was purportedly involved in *any* of these tasks. Plaintiffs' proximate cause allegations are similarly bare, where Plaintiffs group Ventura County Sheriff's Office with the Wellpath Defendants and claim that they "were a moving force behind … the depravations of [Lozano's rights]." (*Id.*, ¶¶ 88-89).

Plaintiffs' Bane Act claim similarly lacks a single fact specifically alleged against HIG. (*Id.*, ¶¶ 91-100). What is more, Plaintiffs' Bane Act claim is predicated on their purported claim of deliberate indifference to Lozano's medical needs. (*Id.*, ¶ 93). However, the Complaint does not allege any such claim.

In already well-established fashion, Plaintiffs' ADA and RA claims also fail to allege any HIG-specific conduct. But, even more confusingly, these claims only set forth

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX (213) 627-6342

1  allegations against defendant Ventura County and merely mention the omnibus

2  "Defendants" in one paragraph. (*Id.,* ¶109). Therefore, it is unclear if this claim is even

3  asserted against HIG.

4      Plaintiffs' "Wrongful Death – Negligence" claim is, not surprisingly, similarly

5  directed to the omnibus "Defendants" and does not set forth any HIG-specific allegations.

6  It alleges that "Defendants owed Plaintiffs and Decedent the duty to act with reasonable

7  care," including "[t]o provide safe and appropriate jail custody for [Lozano], to summon

8  necessary and appropriate care, to use generally accepted law enforcement," etc., and

9  "Defendants Ventura County, Ayub, the Wellpath Defendants, and Does 1-10 through

10  their acts and omissions, breached each and every one of the aforementioned duties owed

11  to Plaintiff and Decedent," which resulted in injuries and damages to Plaintiffs and

12  Lozano. (*Id.,* ¶ 112-118). These general allegations are clearly insufficient to put HIG on

13  notice of its purported wrongdoing.

14      The wholesale absence of substantive allegations identifying any bases to hold

15  HIG liable for Plaintiffs' claims clearly demonstrates that HIG is entitled to dismissal of

16  the Complaint with prejudice.

17  ## III.  **LEGAL STANDARD**

18      Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include

19  "a short and plain statement of the claim showing that the pleader is entitled to relief." A

20  complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of

21  Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff

22  to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

23  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

24      A complaint can survive a motion to dismiss only if, taking all well-pleaded factual

25  allegations as true, it contains enough facts "to state a claim to relief that is plausible on

26  its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at

27  570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content

28  that allows the court to draw the reasonable inference that the defendant is liable for the

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  A claim may be dismissed with prejudice if "amendment would be futile." *Swartz v. KPMG LLP*, 476 F.3d 756, 761 (9th Cir. 2007) (citing Albrecht v. Lund, 845 F.2d 193, 197 (9th Cir. 1988)).

When deciding a motion to dismiss under Rule 12(b)(6), a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001) (stating that on a Rule 12(b)(6) motion, a court "may take judicial notice of matters of public record").

Here, Plaintiffs do not even approach the line between possibility and plausibility, because they fail to plead *any* specific allegations – factual or otherwise – of HIG's alleged wrongdoing. The few allegations they do plead consist of mere labels, conclusions and regurgitation of the elements of *alter ego.* Based on the wholesale failure to plead any ultimate facts against HIG, this Court should dismiss Plaintiffs' Complaint as a matter of law.

## IV.  ARGUMENT

### A.  The Complaint Fails to Allege What HIG Did and How It Is Supposedly Liable

As an initial matter, throughout the Complaint, Plaintiffs fail to set forth any specific, factual allegations regarding HIG's purported wrongdoing. Instead, Plaintiffs repeatedly and impermissibly lump HIG with other Defendants. Basic pleading rules require much more. The Complaint is a textbook example of a "shotgun" pleading. No plaintiff "suing multiple defendants" may simply "lump[] defendants together"; but, instead "must allege the basis of [the] claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014) (emphasis added) (internal quotation omitted.). *See also Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (granting motion to dismiss where the complaint impermissibly lumped together claims and

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

defendants and each claim incorporated 197 other paragraphs "as if fully set forth [t]herein"); *Mason v. Cty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008) (granting a motion to dismiss and holding that the complaint raised questions whether Plaintiffs violated Rule 11 where each claim generally realleged all the preceding allegations and was alleged against all defendants, regardless if the facts alleged supported it); *Gen–Probe, Inc. v. Amoco Corp., Inc.*, 926 F.Supp. 948, 961 (S.D. Cal. 1996) (dismissing complaint for lumping together multiple defendants in contravention of Rule 8(a)).

As a result of Plaintiffs' shotgun pleading, it is virtually impossible to know which allegations are intended to support which claim(s) for relief against HIG. Throughout the entire Complaint, Plaintiffs group HIG with CFMG, Wellpath LLC, and numerous individual defendants together and refer to them jointly as the "Wellpath Defendants" when alleging the supposed misconduct. (*See, e.g.*, Compl., ¶¶ 19, 20, 24, 69, 70, 84-90, 93-94, 113, 116). Indeed, except for the few initial boilerplate and wholly conclusory allegations, the Complaint lacks any allegations of HIG's specific conduct or alleged wrongdoing at all. Moreover, the Complaint frequently refers to the omnibus term "Defendants" without identifying what each defendant allegedly did wrong. (*Id.*, ¶¶ 1, 32-37, 61, 65-70, 76, 78-81, 84-85, 87, 89, 94-100, 109, 114-115, 118).

In sum, Plaintiffs fail to identify any specific conduct by HIG that forms the basis for this lawsuit or to allow the Court to draw the reasonable inference that the alleged misconduct satisfies standards required to find HIG liable for the specific wrong alleged. Plaintiffs' attempt to circumvent their basic pleading obligations through lumping HIG with other defendants, only some of whom had direct involvement with Lozano, is contrary to well-established, basic pleading principles. This abject pleading failure violates fundamental rules of fairness and fails to put HIG on notice of the claims against them, as required by Rule 8(a). Plaintiffs' failure to plead the liability of HIG with the requisite specificity warrants dismissal.

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**B.      Plaintiffs Have Failed to Establish an *Alter Ego* Relationship Between HIG and CFMG**

As shown above, Plaintiffs' overarching *alter ego* allegations trying to make HIG liable for CMFG's actions and, thereby, liable for the events at a single jail managed by CMFG, are conclusory at best, if not entirely absent. *See supra* at Sec. II. In fact, it is not even clear whether Plaintiffs allege that HIG is the *alter ego* of CFMG, Wellpath LLC, or one of the six individuals that Plaintiffs refer to as the Wellpath Defendants. (Compl., ¶ 20). However, even aside from the deficient and entirely confusing allegations, California law requires two conditions to be met before the *alter ego* doctrine may be invoked. Plaintiffs have failed to sufficiently allege either.

First, there must be such a *unity of interest and ownership* between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist. Second, there must be *an inequitable result* if the acts in question are treated as those of the corporation alone. *Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538 (2000); *Neilson v. Union Bank of California, N.A.,* 290 F.Supp.2d 1101, 1115 (C.D. Cal, 2003) (same). Critically, merely parroting the elements and listing the factors without factual support – like what Plaintiffs have done repeatedly here – is wholly inadequate. "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege *specifically* both elements of alter ego liability, *as well as facts supporting each.*" *Neilson,* 290 F. Supp. 2d at 1116 (emphasis added); *see also Twombly,* 550 U.S. at 555 (A complaint must be more than "a formulaic recitation of the elements of a cause of action.").

The first condition of *alter ego* liability requires allegations of facts showing such a unity of interest and ownership between the corporation and the individual that separate personalities do not exist. *Monaco v. Liberty Life Assur. Co,* 2007 WL 1140460, at *4 (N.D. Cal. Apr. 17, 2007).* Facts necessary to show the first condition include: commingling of funds, failure to maintain minutes or adequate corporate records, identification of the equitable owners with the domination and control of the two entities,

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1

the use of the same office or business locations, the identical equitable ownership of the two entities, the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual, and failure to adequately capitalize a corporation. *Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal.App.2d 825, 838-40 (1962); *Arnold v. Browne*, 27 Cal.App.3d 386 (1972).

Plaintiffs plead no such facts (nor could they consistent with their Rule 11 obligations) to the Court to draw the reasonable inference that the alleged misconduct satisfies the stringent standard for *alter ego*. *See Iqbal*, 556 U.S. at 663. Instead, Plaintiffs make only generic, boilerplate and, frankly, nonsensical allegations of the unity of interest between HIG, CFMG, Wellpath LLC, and six individual defendants. (Compl., ¶ 20). The Complaint also recites a litany of mechanical conclusory allegations of a unity of interest between HIG and CFMG, including that HIG "undercapitalized the majority interest in CFMG," "controlled and dominated CFMG, and continue to do so," "exert coercive financial control over CFMG, "has handled [Wellpath LLC's] and [CFMG's] finances to accommodate [HIG's] own business interests," "have failed to maintain arm's length relationship with Wellpath [LLC] and CFMG," and "disregarded corporate formalities throughout the United States." (*Id.*, ¶¶ 23-26). Nowhere, however, have Plaintiffs alleged <u>any</u> facts to actually support these conclusory allegations taken straight from the *alter ego* playbook.

*Ricardez* is particularly instructive. 2020 WL 3891460, at *2. There, in a copy-cat complaint, plaintiffs alleged that HIG was responsible for the death of Andrew Ricardez at Ventura Jail "because HIG is the *alter ego* of CFMG and [HIG] is a state actor." *Id*. The *Ricardez* complaint also alleged that HIG "provide[s] a governmental function;" HIG is "the owner, manager, and partner of CFMG," "it controls CFMG," that "[HIG]'s use of [CFMG] is but a mere shell" and "[t]here is unity of interest and ownership such that the separate personalities of [HIG] and CFMG no longer exist." *Id.*, *2-4. The Hon. Walter explained that plaintiffs "have failed to allege facts demonstrating the existence of any of [the *Associated Vendors* factors] and, instead, allege only in general and

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

conclusory fashion that there is a unity of interest between HIG and CFMG," and concluded that "[s]uch conclusory allegations are insufficient" to state an *alter ego* claim. *Id*., at *4; (citing to *Neilson*, 290 F. Supp. 2d at 1116); *see also Wine Bottle Recycling, LLC v. Niagara Sys. LLC*, 2013 WL 1120962, at *9 (N.D. Cal. Mar. 18, 2013) (mere allegation of relevant factors in the absence of specific factual allegations inadequate to show a unity of interest, and a conclusory assertion one entity used another as a shell "is plainly insufficient"). *See also*, Order Granting Motion to Dismiss, *Francine Bible-Marshal v. Montgomery County*, Case No. 4:20-cv-00028, Dkt. No. 47, slip op. at p. 7 (S.D. Tex. Sept. 28, 2020) (inmate death case dismissing Complaint as to HIG because Plaintiffs impermissibly asserted conclusory statements, stating what they set out to prove). The same is true here.[2]

The Complaint also makes sensational – albeit nonsensical – allegations that "HIG controls, dominates, and operates the [Wellpath Defendants], and does so for the purpose of evading creditor liability, concealing proceeds resulting from money laundering, and other ill-gotten gains from acts of public corruption." (*Id*., ¶ 24). But nowhere do Plaintiffs detail how it is that HIG exercises control, ownership, and domination over *two*

---

[2] Further, the court in *Ricardez* also found that plaintiffs' conclusory allegations were contradicted by certain press releases relied on in their complaint. *Ricardez*, 2020 WL 3891460, at *6 (Fn. 5). Specifically, the Court explained:

"[T]he press releases relied on by Plaintiffs contradict Plaintiffs' allegations that HIG owned and/or managed CFMG and specifically state that an *affiliate* of HIG, not HIG itself, "made a strategic investment in" CFMG. In addition, another press release makes clear, it is not unusual that an affiliate of HIG would invest in a company and HIG would have no direct control over that company because "[s]ince its founding in 1993, [HIG] invested in and managed more than 200 companies worldwide. The firm's current portfolio includes more than 70 companies."

*Id*. (internal citations omitted). Although, here, Plaintiffs strategically do not rely on the same press releases, the *Ricardez* opinion makes it clear that Plaintiffs' *alter ego* allegations are not only unsupported, but also unsupportable.

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

different entities and *six* individuals comprising the "Wellpath Defendants." Instead, to bolster these implausible allegations, Plaintiffs improperly refer to completely unrelated public corruption charges against Correct Care Solutions' founder, including bribery and illicit kickbacks, which occurred well *prior to HIG's involvement with that entity*. *See* RJN, Exh. A. Plaintiffs also attempt to characterize a commonplace leveraged buyout into some nefarious business investment scheme so as to disregard separate corporate entities. (*Id.*, ¶ 22). However, Plaintiffs' attempt is implausible and, like all the other allegations, fails to meet the well-established pleading requirements. Thus, like in *Ricardez*, Plaintiffs here fail to sufficiently allege the unity of interest prong. *Id.*, at *4.

The second *alter ego* condition requires at least the pleading (and then proof) of specific bad faith conduct that would make it inequitable to recognize the corporate form. "The rule is firmly settled that no reliance can be had on [an *alter ego*] theory in the absence of *pleading* that recognition of the corporate entity *would sanction a fraud or promote injustice.... a plaintiff must plead those factors in order to state a cause of action* against individual defendants." *Meadows v. Emett & Chandler*, 99 Cal. App. 2d 496, 499 (1950) (emphases in original and added). *See also Mid-Century Ins. Co. v. Gardner*, 9 Cal.App.4th 1205, 1213 (1992); *Sonora Diamond Corp.*, Cal.App. 4th at 539. Plaintiffs make only a single conclusory allegation stating that "there existed such a unity of interest between [HIG] and the other [Wellpath Defendants], such that separate personalities long exist and if their acts are treated as those of their respective entities alone, inequitable results will follow." (*Id.*, ¶ 20). Other than this very generic allegation (which merely again repeats the *alter ego* standard), there are no "facts" pleaded anywhere regarding the supposed inequity that would "arise" from not holding HIG liable for the acts of a far downstream entity or entities of an affiliate. *Ricardez*, 2020 WL 3891460, at *5. Further, what is missing is the "factual content [that] allows the court to draw the reasonable inference" that the alleged misconduct satisfies the "stringent standard" for deliberate indifference. *Iqbal*, 556 U.S. at 663.

Accordingly, because Plaintiffs have failed to adequately allege an *alter ego*

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

relationship between HIG and CMFG or Wellpath LLC (and potentially the six individual defendants), Plaintiffs have failed to state a claim against HIG and, thus, Plaintiffs' claims against HIG must be dismissed.

### C.   Section 1983 Claims Against HIG Fail as the Matter of Law
#### 1)   Plaintiffs Have Not and Cannot Allege That HIG Acted Under the Color of State Law

Plaintiffs assert two Section 1983 claims against HIG, all of which require Plaintiffs to show HIG was a "state actor": (1) depravation of civil rights (Count 1) and (2) a *Monell* claim.  These claims fail because Plaintiffs have not, and cannot, allege that HIG was a state actor.

A claim under Section 1983 requires a deprivation of a constitutional right under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988). Private individuals and entities not affiliated with a state or municipal government generally do not act "under color of state law." *See Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011) (a private organization that contracted with a state prison was not a state actor); *Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir. 2003) (guardian *ad litem* appointed to represent a child in a state court custody proceeding did not act under color of state law); *see also Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 843 (9th Cir. 1999) (hospital was not a state actor under Section 1983 claim); *Holmstrand v. Dixon Hous. Partners,* 2011 WL 2631834, at *4 (E.D. Cal. June 30, 2011) (private investors who co-owned subsidized apartments were not state actors); *Cuviello v. City of Stockton,* 2009 WL 9156144, tat *23 (E.D. Cal. Jan. 26, 2009) (private company leasing and managing the Stockton Arena was not a state actor).

Analysis of this issue must "start with the presumption that private conduct does not constitute governmental action[,]" *Sutton v.* 192 F.3d at 836, because "[o]nly in *rare* circumstances can a private party be viewed as a 'state actor' for section 1983 purposes[]" *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). Moreover, because "private parties are not generally acting under color of state law," it is settled that "conclusory allegations unsupported by facts, will be rejected as insufficient to state a

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1

1   claim under the Civil Rights Act." *Price v. Hawaii*, 939 F.2d 702, 707-708 (9th Cir.

2   1991). That well describes Plaintiffs' allegations in their entirety.

3          The actions of a private entity may only properly be attributed to the government

4   for purposes of Section 1983 if, at the time of an alleged constitutional violation, (1) the

5   private actor was performing a public function; (2) the private actor was engaged in joint

6   activity with the government; (3) the private party acted under governmental compulsion

7   or coercion; or (4) there was a sufficient nexus between the government and the private

8   actor. *Kirtley*, 326 F.3d at 1092. Plaintiffs have the burden to demonstrate that HIG was

9   a state actor. *Id.*; *see also Florer,* 639 F.3d at 922.  They fail.

10         The only allegations in the Complaint pertinent to these tests are Plaintiffs' wholly

11  conclusory assertions that "[a]t all material times, each Defendant acted under color of

12  the laws, statutes, ordinances, and regulations of the State of California." (Compl., ¶ 36).

13  If this is Plaintiffs' attempt to meet the public function test, they fail miserably. Indeed,

14  similarly vague and conclusory allegations were deemed insufficient in *Ricardez*. *See*

15  *Ricardez*, 2020 WL 3891460, at *6. As the court in *Ricardez* explained, "the public

16  function test is satisfied only on a showing that the function at issue is 'both traditionally

17  and exclusively governmental.'" *Id.*, citing to *Lee v. Katz*, 276 F.3d 550, 554–55 (9th Cir.

18  2002). Here, it is unclear from the Complaint what HIG's alleged "function" is. Further,

19  like the Plaintiffs in *Ricardez*, Plaintiffs here fail to allege any facts that HIG was: (1) an

20  authorized policymaker; (2) had knowledge of the alleged violation of Lozano's

21  constitutional rights (or even for that matter, anything about Lozano); (3) directly

22  supervised, approved, or otherwise ratified the alleged violation of Lozano's

23  constitutional rights; (4) were responsible for a policy, custom, or practice that was the

24  moving force behind the alleged violation of Lozano's constitutional rights; or (5)

25  provided any medical or mental health care to Lozano while he was at Ventura County

26  Jail. *See id.*

27         Additionally, to the extent Plaintiffs attempt to claim that HIG exercised a

28  governmental function because it was employed by local government to provide medical

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

care (Compl., ¶ 10), the Complaint is devoid of *any facts* that HIG itself was actually employed to provide medical care. Moreover, Plaintiffs' conclusory proclamation that "[p]rivate managers, executives, managers, owners, directors, board members, supervisors, (such as CFMG) employed to direct the delivery of medical care to inmates are state actors" (Compl. ¶ 16) is also unsupported by any facts. The *Ricardez* court found that similarly bare allegations were insufficient to establish that "the purported management functions provided by [HIG] are exclusively reserved to the government."[3] *Ricardez*, 2020 WL 3891460, at *6.

As shown above, Plaintiffs fail to allege adequately any "state actor" theory. Accordingly, all of Plaintiffs' Section 1983 claims, and related demands for punitive damages arising therefrom, fail and should be dismissed with prejudice.

### 2)   Plaintiffs Have Not Alleged Proximate Cause

To state any claim under 42 U.S.C. § 1983, Plaintiffs must allege that HIG was the proximate cause of the alleged constitutional violation. *See Franklin v. Fox*, 312 F.3d 423, 445-46 (9th Cir. 2002). A private party is not the proximate cause of an alleged constitutional violation where he or she does not control the decision of the state actor leading to the alleged violation. *See id.* Furthermore, there is no proximate causation by a private party where the government retains control and authority over its independent decisions. *See Sigmon v. Community Care HMO*, 234 F.3d 1121 (10th Cir. 2000); *Howerton v. Gabica*, 708 F.2d 380, 385 (9th Cir 1983).

Here, the Complaint only generally alleges "Defendants Ventura County, Ayub, and the Wellpath Defendants were a moving force behind and/or a proximate cause of

---

[3] Further, the *Ricardez* court reasoned that plaintiffs' state actor allegations were contradicted by the press releases (*see supra* IV(B)), which confirm that "an *affiliate* of HIG, not HIG itself, 'made a strategic investment in' CFMG" and that HIG "would have no direct control over [the investment because] [s]ince its founding in 1993, [HIG] invested in and managed more than 200 companies worldwide. The firm's current portfolio includes more than 70 companies." *Id.* The same reasoning applies here and directly contradicts any allegations that HIG is or could be a state actor.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

the deprivations of Decedent's clearly established and well-settled constitutional rights." (Compl., ¶ 88; *see also* ¶ 80, 90). The Complaint completely lacks any specific allegations that HIG had any involvement, control, or authority over either the alleged constitutional violation or any decision leading up to the alleged constitutional violation.  This is not surprising because HIG's far-removed role simply cannot support allegations that would place it as the proximate cause of the alleged constitutional violations.

Accordingly, all of Plaintiffs' Section 1983 claims, and related demands for punitive damages also fail for this independent reason.

### 3) Plaintiffs' Depravation of the Parent/ Child Relationship Claim (Count 1) Fails

Plaintiffs' "Depravation of the Parent/Child Relationship" in violation of the First, Fourth, and Fourteenth Amendments is fundamentally flawed and, therefore, fails. (Compl., ¶¶ 77-82).

While "parents and children may assert Fourteenth Amendment substantive due process claims if they are deprived of their liberty interest in the companionship and society of their child or parent through official conduct, *Lemire v. California Department of Corrections & Rehabilitation*, 726 F.3d 1062, 1075 (9th Cir. 2013), "only official conduct that 'shocks the conscience' is cognizable as a due process violation." *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008). To satisfy this "shock the conscience" standard, plaintiff must show that the offending official was either deliberately indifferent or otherwise purposefully intended to harm the plaintiff. *See Porter*, 546 F.3d at 1137 Moreover, "only the most egregious official conduct can be said to be arbitrary in a constitutional way." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).  Mere negligence or liability grounded in tort does not meet the standard for a substantive due process claim. *Id.* at 848–49.

As a preliminary matter, as set forth above, Plaintiffs have failed to set forth any plausible allegations that HIG is a state actor.  Thus, their Depravation of Parent/Child Relationship claim fails for this reason alone.  Additionally, this claim is predicated on

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1

the alleged deliberate indifference to Lozano's serious medical condition. (Compl., ¶ 78). But, as is endemic throughout the pleading, the Complaint confusingly does not assert a claim for deliberate disregard of a serious medical condition. Accordingly, Plaintiffs' Depravation of Parent/Child Relationship claim is fatally deficient.

What is more, there are absolutely no "conscious shocking" allegations against HIG that would support this claim. In fact, there are no allegations at all of HIG's specific conduct to support the alleged wrongdoing. Instead, all the allegations are asserted against the omnibus "Defendants," which is clearly improper under federal pleading standards. (*Id.*, ¶¶ 77-82). Accordingly, Plaintiffs' Depravation of the Parent/ Child Relationship claim fails.

### 4) Plaintiffs' *Monell* Claim (Count 2) Fails

For equivalent reasons, HIG is entitled to dismissal on Plaintiffs' *Monell* claim. "After *Iqbal*, '[a]llegations of *Monell* liability will be sufficient for purposes of Rule 12(b)(6) where they: (1) identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted to deliberate indifference, *i.e.* show how the deficiency involved was obvious and the constitutional injury was likely to occur.'" *Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1167 (C.D. Cal. 2018). Further, a policy or custom is considered a "moving force" behind a constitutional violation only if both causation-in-fact and proximate causation can be established. *Inman v. Anderson*, 294 F.Supp.3d 907, 920 (N.D. Cal. 2018) (citing *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008)). A bare allegation that the conduct conformed to some unidentified government policy or custom does not satisfy the fact pleading standard. *A.E. ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). Rather, a complaint must include factual allegations that plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. *Id.*

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**

59495058;1

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

Plaintiffs' *Monell* claim does not meet any of these requirements. As shown above, Plaintiffs have failed to set forth any plausible allegations that HIG is a state actor. Even if Plaintiffs *could* plead that HIG was a state actor, the Complaint completely lacks *any facts* that HIG had a deliberate policy or custom that was a moving force behind the alleged constitutional violation. Completely absent from the Complaint are *any* allegations regarding any alleged HIG "policy, custom, or practice" or how it supposedly resulted in Plaintiffs' alleged constitutional injuries. Instead, Plaintiffs merely offer an imprecise laundry list of various vague failures by "the Ventura County and/or Wellpath Defendants" that they label as "policies." (Compl., ¶ 84). This type of pleading does not meet Plaintiffs' burden. *See*, *e.g.*, *Herd*, 311 F. Supp. 3d at 1166 (dismissing *Monell* claim where plaintiff "did not explain how the alleged policies are deficient or reflect on how the custom or policy amounted to deliberate indifference"); *Johnson v. Baca*, 2013 WL 12131358, at *13 (C.D. Cal. 2013) (dismissing *Monell* claim where the complaint failed "to allege any facts showing the existence of this custom or practice" and did not "allege the substance of the County defendants' current policy or explain why it is inadequate").

Plaintiffs' "failure to train" allegations are similarly bare and do not allege any conduct specifically attributable to HIG. Failure to train claims under § 1983 "can only yield liability against a municipality where that city's failure to train reflects deliberate indifference to the constitutional rights of its inhabitants." *See City of Canton v. Harris* 489 U.S. 378 (1989) ("there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983."). Here, Plaintiffs essentially mimic the boilerplate, conclusory allegation of "deliberate indifference." What is missing, however, is the "factual content [that] allows the court to draw the reasonable inference" that the alleged misconduct satisfies the "stringent standard" for deliberate indifference. *Iqbal*, 556 U.S. at 663.

While Plaintiffs' *Monell* allegations use forceful language – such as allowing for inadequate and incompetent medical and mental health care, deliberately indifferent maltreatments, covering up violations of constitutional rights, and failing to properly

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1

investigate and train (Compl., ¶ 84) – these allegations are just legal conclusions and not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 681 (2009). Indeed, Plaintiffs' *Monell* claim lacks *any* factual allegations that would separate it from the "formulaic recitation of a cause of action's elements" deemed insufficient by *Twombly*. *See* 550 U.S. at 555. For all these reasons, Plaintiffs' *Monell* claim fails.

### D. Plaintiffs' Bane Act Claim (Count 3) Fails

Plaintiffs' Bane Act claim is also unsound. "The essence of a Bane Act claim is that the defendant, by the specified improper means (*i.e.*, 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." *Austin B. v. Escondido Union School Dist.,* 149 Cal.App.4th 860, 883, (2007).

Here, Plaintiffs have failed to allege any facts setting forth threats, intimidation or coercion used to allegedly interfere with Plaintiffs' constitutional rights. Moreover, Plaintiffs continue the same pattern of directing their allegations against all grouped "Defendants" or "Wellpath Defendants" and fail to identify any alleged misconduct by HIG. (Compl., ¶¶91-100). Additionally, Plaintiffs' Bane Act claim is predicated on their purported claim of deliberate indifference to Lozano's medical needs. (Compl., ¶ 93). However, the Complaint does not allege any such claim. For all these reasons, Plaintiffs' Bane Act claim fails and must be dismissed.

### E. Plaintiffs' Claims for Violations of ADA and Rehabilitation Act Fail (Count 4)

Plaintiffs also allege a violation of the ADA and RA. As with all the prior claims, Plaintiffs' ADA and RA claims do not allege any HIG-specific conduct. Rather, they only set forth allegations against defendant Ventura County and merely mention the omnibus "Defendants" in one paragraph. (*See* Compl., ¶109). Therefore, it is unclear if this claim is even asserted against HIG. However, even if it is, it is subject to dismissal.

To state a claim for relief under Title II of the ADA, a plaintiff must show: (1) he

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the *public entity*; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability. *See* 42 U.S.C. § 12132 (emphasis added); *see also Weinrich v. Los Angeles*, 114 F.3d 976, 978 (9th Cir. 1997). A public entity is defined to include any state or local government and any department, agency or other instrumentality of a state or local government. 42 U.S.C. § 12131(1)(A) and (B). Clearly, HIG is not a public entity and, thus, it does not fall under the ADA and Plaintiffs have not and cannot demonstrate otherwise. Indeed, the Complaint fails to identify any HIG services, programs, or activities that Lozano was denied, much less denied based on his disability.

Similar requirements apply under section 504 of the RA, which applies specifically to programs that receive Federal financial assistance. *See* 29 U.S.C. § 794; *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th 2001); *Weinrich*, 114 F.3d at 978. First, the Complaint does not and cannot allege that HIG receives "Federal financial assistance." Second, HIG does not fall under the definition of programs and activities as set forth under Section 794(b) of the RA.

Moreover, the Ninth Circuit requires plaintiffs seeking damages under the RA and the ADA to prove that defendants acted "intentionally or with deliberate indifference." *Duvall*, 260 F.3d at 1139. Deliberate indifference requires both "knowledge that a harm to a federally protected right is substantially likely and a failure to act upon that likelihood." *Id*. Conclusory allegations are insufficient to allege plausible ADA and RA claims. *See Robertson v. Thompson*, 2020 WL 8028817, at *4 (C.D. Cal. Sept. 7, 2020) (Plaintiff's vague and conclusory allegations are insufficient [to state a claim for violation of the ADA or the RA]) (citing to *Iqbal*, 556 U.S. at 678); *see also Salcido v. Johnson*, 2020 WL 5219670, at *4 (C.D. Cal. Apr. 23, 2020) (same) (citing to *Fresquez v. Solario*, 329 Fed. App'x 744, 745 (9th Cir. 2009); *Rust v. Garcia*, 2011 WL 3319889, at *5 (C.D. Cal. July 29, 2011)). Plaintiffs have not met any of these requirements and, thus, their

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1

factually unsupported ADA and RA claims fail and must be dismissed.

### F. Plaintiffs' Wrongful Death-Negligence Claim (Count 5) Fails

Like all of the other claims, Plaintiffs' Wrongful Death - Negligence claim falls far short of what is required.

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." *Quiroz v. Seventh Ave. Ctr*., 140 Cal. App. 4th 1256, 1263 (2006). A claim for negligence under California law requires Plaintiffs to plead and then prove the following: (1) a legal duty to use care; (2) breach of that legal duty; and (3) that the breach of that duty was the proximate cause or legal cause of the plaintiff's injury and resultant damages. *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., et al*, 1 Cal.3d 586, 594 (1970). Thus, to state a claim for wrongful death a plaintiff must make some minimal showing of negligence which caused the death of a decedent. Also, since wrongful death is a statutory cause of action, it must be pleaded with particularity. *See Lopez v. Southern Cal. Rapid Transit Dist*. 40 Cal. 3d 780, 795 (1985).

Like their other claims against HIG, Plaintiffs' negligence claim improperly refers to "Defendants" collectively and fails to plead any specific allegations with respect to HIG. (Compl., ¶¶ 114-118). Further, although it is well-established that absent a legal duty, no liability for injury to a person can ever pertain, *e.g.*, *Ericson v. Federal Exp. Corp*. 162 Cal.App.4th 1291, 1305 (2008). Plaintiffs wholly fail to allege any special relationship between Lozano and HIG that would give rise to a duty of care. Absent such facts, no duty is owed directly by HIG to Lozano, making the Complaint deficient as a matter of law. In addition to the lack of facts to sufficiently plead duty, the Complaint does not allege that was any action taken *by HIG* that was a breach of any duty of care, which was the proximate of Plaintiffs' injury. Accordingly, since Plaintiffs have failed to plead even the most basic elements of this claim, it must be rejected and dismissed as a matter of law.

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

### G.     Plaintiffs' Claim for Punitive Damages Must Be Stricken

The court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. (Fed. R. Civ. Proc. 12(f)). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead" and "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 974 (9th Cir. 2010) (citations omitted).

Plaintiffs' "Relief Requested" seeks punitive damages. However, punitive damages may be awarded only when a defendant's conduct is shown to be motivated by evil motive or when it involves reckless or callous indifference to the rights of plaintiffs. *Smith v. Wade* (1983) 461 U.S. 30, 56; *Dang v. Cross*, 422 F.3d 800, 807-809 (9th Cir. 2005) ("oppressive conduct is a proper predicate for punitive damages under § 1983"); *Mitchell v. Dupnik*, 75 F.3d 517, 527, n.7 (9th Cir. 1996); *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993). The Complaint does not make any such allegations against HIG. Accordingly, the prayer for punitive damages as to HIG should be stricken.

### V.     LEAVE TO AMEND SHOULD NOT BE ALLOWED

It is well-settled that there is no purpose in allowing a futile amendment. *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996). Indeed, [u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). A district court should not grant leave to amend where the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see Ricardez,* 2020 WL 3891460, at *5 (no leave to amend because amendment is futile).

As in *Ricardez,* leave to amend in this case would be futile because Plaintiffs have not pleaded and cannot plead facts to show that HIG's liability in this case.

# VI.    **CONCLUSION**

For the reasons stated above, HIG respectfully requests this Court grant its Motion and dismiss this action as to it with prejudice.

Respectfully submitted,

DATED:  August 13, 2021          AKERMAN LLP

By: ___/s/ Ellen S. Robbins_____
     Ellen S. Robbins
     Evelina Gentry
     Attorneys for Defendants
     H.I.G. CAPITAL, LLC

AKERMAN LLP

601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HIG'S NOTICE OF MOTION AND MOTION TO DISMISS**
59495058;1