UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS LOZANO, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLPATH LLC, et al.,<br><br>    Defendants. | Case No. 2:21-cv-03153-FLA (DFMx)<br><br>**ORDER GRANTING DEFENDANT H.I.G. CAPITAL'S MOTION TO DISMISS [DKT. 44]** |

1

## RULING

Before the court is Defendant H.I.G. Capital, LLC's ("HIG") Motion to Dismiss ("Motion"). Dkt. 44 ("Mot."). Plaintiffs Carlos Lozano ("Lozano," by and through his co-successors in interest), Oscar Puentes ("Puentes"), and Karla Gutierrez ("Gutierrez") (collectively, "Plaintiffs") oppose the Motion. Dkt. 48 ("Opp'n"). On September 27, 2021, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 1, 2021. Dkt. 50; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court GRANTS HIG's Motion with 20 days' leave to amend, except as to the third and fourth causes of action which are DISMISSED as to HIG with prejudice.

## BACKGROUND

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *E.g.*, *Schueneman v. Arena Pharms., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016). Accordingly, the court accepts as true the following allegations from Plaintiffs' Complaint. *See* Dkt. 1 ("Compl.").[1]

At the end of 2017, Lozano "was experiencing … a vicious cycle of anxiety and depression." Compl. ¶ 41. By May 2018, Lozano "was no longer acting the same" and his behavior became erratic. *Id.* ¶¶ 42-43. On May 9, 2018, Lozano experienced what his friends and family believed was a mental breakdown. *Id.* ¶ 46. During the early morning hours of May 10, 2018, Lozano believed his father, Puentes, was attempting to poison the entire family and told his mother, Gutierrez, that "his heart was going to come out of his chest." *Id.* ¶ 47. Lozano agreed to go to the

---

[1] HIG requests the court take judicial notice of a grand jury indictment incorporated by reference in the Complaint. Dkt. 44-1. As the court does not rely on this document to issue its ruling, the request is DENIED as moot.

2

hospital for an evaluation, but as he and Gutierrez were heading to their vehicle, he yelled that she was trying to poison him and ran off. *Id.* Puentes called the Ventura County Sheriff's Office for assistance, and Deputies later found Lozano at the Camarillo Outlet mall. *Id.* ¶ 48. Concerned about his mental health, the deputies transported Lozano to the hospital where he was evaluated, prescribed medication, and discharged to Gutierrez's care. *Id.* ¶¶ 48-49.

Later that evening, Lozano took Gutierrez's car, backed directly into his neighbor's vehicle, "attempted to run his parents over, hit a pole, then drove off" onto the 101 Freeway, where he collided with five vehicles, including a California Highway Patrol ("CHP") vehicle. *Id.* ¶¶ 51-52. Lozano was then apprehended and transported to Ventura County Medical Center. *Id.* ¶¶ 53-54. On May 12, 2018, Lozano was discharged from the hospital and transported to Ventura County Jail's Pre-Trial Detention Center. *Id.* ¶ 58. Lozano continued to "experience[e] anxiety, bizarre thoughts, [and] bizarre behaviors," and attempted suicide at least seven times while in custody. *Id.* ¶¶ 60-61. On May 19, 2020, deputies found Lozano unresponsive in his cell and was discovered to have committed suicide. *Id.* ¶ 63.

Defendant Wellpath LLC ("Wellpath") is a private for-profit Delaware LLC. *Id.* ¶ 6. Defendant California Forensic Medical Group, Inc. ("CFMG"), doing business as Wellpath, provides medical services to Defendant County of Ventura (the "County"). *Id.* ¶ 8. Defendant Gerard Boyle ("Boyle") is the founder of Wellpath, and Defendant Jorge A. Dominicis ("Dominicis") is the Chief Executive Officer of Wellpath. *Id.* ¶ 17. Defendants William T. Fithian, III, M.D. ("Fithian"), Paul Adler, D.O. ("Adler"), Ronald Pollack, M.D. ("Pollack"), and Janice Thomas, M.D. ("Thomas"), the CFMG Ventura County Program Manager, and other CFMG staff "were responsible for properly assessing and classifying inmates … including, but not limited to, prevention of self-harm, suicide attempt prevention, suicide prevention, and observation and treatment of[] suicidal and potentially suicidal inmates …." *Id.* ¶ 11.

The Complaint collectively refers to Wellpath, CFMG, HIG, Boyle, Dominicis, Fithian, Adler, Pollack, and Thomas as the "Wellpath Defendants." *Id.* ¶ 19.

In 2012, HIG acquired a controlling interest in CFMG through a leveraged buyout. *Id.* ¶ 22. According to the Complaint, HIG "exert[s] coercive financial control[,]" and "control[s] and dominate[s] CFMG[.]" *Id.* ¶ 23. Plaintiffs further allege HIG "is merely the alter-ego of the other WELLPATH DEFENDANTS and at all material times there existed such a unity of interest between H.I.G. and the other WELLPATH DEFENDANTS." *Id.* ¶ 20.

The Complaint alleges five causes of action against HIG: (1) violations of 42 U.S.C. § 1983 ("§ 1983") for (a) deprivation of Lozano's Fourth and/or Fourteenth Amendment right to be free from deliberate indifference to serious medical and mental health needs while in custody as a pretrial detainee, and (b) deprivation of Puentes and Gutierrez's First and/or Fourteenth Amendment rights to familial association; (2) violations of § 1983 for illegal customs, policies, and practices; (3) violations of Cal. Civ. Code § 52.1 (the Tom Bane Civil Rights Act, "Bane Act"); (4) violations of 42 U.S.C. § 12132 (the Americans with Disabilities Act of 1990, "ADA") and 29 U.S.C. § 794 (Section 504 of the Rehabilitation Act of 1973, "Section 504"); and (5) wrongful death and negligence.[2]

## DISCUSSION

### I.  Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted." A district court properly dismisses a claim under Rule 12(b)(6) if the complaint fails to allege sufficient facts "to support a cognizable legal theory." *Caltex Plastics, Inc. v.*

---

[2] Plaintiffs agree to dismiss the third and fourth causes of action against HIG for alleged violations of the Bane Act and the ADA. Opp'n 14. The court, therefore, DISMISSES these causes of action with prejudice.

*Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When evaluating a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material facts as true and draw all reasonable inferences in favor of the plaintiff."  *Caltex*, 824 F.3d at 1159.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* (internal citations omitted).  Legal conclusions, however, "are not entitled to the assumption of truth" and "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## II. Analysis

### A.  Whether HIG has an Alter Ego Relationship With CFMG

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests."  *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985).  To state properly an alter ego claim, a plaintiff must allege that: (1) there is "such a unity of interest and ownership between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist"; and (2) "there must be an inequitable result if the acts in question are treated as those of the

corporation alone." *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 526 (2000). "Conclusory allegations of 'alter ego' status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).

Plaintiffs' conclusory statements are insufficient to support that HIG has an alter ego relationship with CFMG or the other "Wellpath Defendants," as defined in the Complaint. For example, Plaintiffs allege "H.I.G. DEFENDANTS have disregarded corporate formalities throughout the United States … by frequently acquiring and changing the names of entities, failing to file accurate statements of information, and thereby causing confusion in the marketplace." Compl. ¶ 26. But Plaintiffs fail to provide any facts to support these conclusory allegations. As another example, Plaintiffs conclude that HIG "controls, dominates, and operates the Wellpath Defendants, and does so for the purpose of evading creditor liability, concealing proceeds resulting from money laundering, and other ill-gotten gains from acts of public corruption." *Id.* ¶ 24. However, Plaintiffs do not plead any facts in support of this statement. *See Associated Vendors, Inc. v. Oakland Meat Co.*, 210 Cal. App. 2d 825, 838-40 (1962) (listing factors that can be alleged to demonstrate unity of interest, such as commingling of funds and other assets, treatment by an individual of the assets of the corporation as his own, failure to maintain adequate corporate records, identical equitable ownership in the two entities, the use of the same office or business location, the use of a corporation as a mere shell, instrumentality or conduit for a single venture, and the disregard of legal formalities.).

Moreover, Plaintiffs fail to explain how HIG could have an alter ego relationship with each of the other Wellpath Defendants, which according to Plaintiffs' definition includes individual CFMG employees. In their Opposition, Plaintiffs merely recite the conclusory allegations in the Complaint, without attempting to allege there is a unity of interest between HIG and CFMG or that there

would be an inequitable result if HIG and CFMG are treated as separate entities. Accordingly, Plaintiffs fail to allege alter ego liability.

### B. Whether HIG Acted Under Color of State Law

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal quotation marks and citation omitted). "[P]rivate parties are not generally acting under color of state law." *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991), *cert. denied*, 503 U.S. 938 (1992). However, "even a private entity can, in certain circumstances, be subject to liability under section 1983." *Tsao*, 698 F.3d at 1139 (citation omitted).

The Ninth Circuit employs four tests to determine when a private party's actions amount to state action: "(1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Id.* at 1140. "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Regardless of which test applies, the court "start[s] with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). In addition, because "private parties are not generally acting under color of state law, ... conclusory allegations unsupported by facts, will be rejected as insufficient to state a claim under the Civil Rights Act." *Price*, 939 F.2d at 707-08.

The Complaint alleges CFMG provided medical, mental health, and nursing care to pretrial and post-conviction detainees in Ventura County jails pursuant to a contract with the County. Compl. ¶ 29. The Complaint further alleges CFMG and the County developed joint policies and procedures affecting the mentally ill in custody and to provide continuity of care. *Id.* CFMG allegedly conducted the psychiatric intake for Lozano, placed him on Level II security precautions for

monitoring, and conducted a mental health suicide risk assessment and evaluation. Compl. ¶¶ 59-60. However, with respect to HIG, the Complaint contains only conclusory assertions regarding state action, merely alleging that "[a]t all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California." *Id.* ¶ 36. In their Opposition, Plaintiffs fail to advance any substantive argument regarding how HIG's alleged conduct amounts to state action. Instead, Plaintiffs quote the conclusory allegation from their Complaint and argue that medical care providers employed by a government entity are state actors for purposes of § 1983. Plaintiffs' conclusory allegations are devoid of any facts and wholly insufficient to allege plausibly that HIG acted under color of state law. Therefore, Plaintiffs' § 1983 claims against HIG fail.

    **C.**    **Wrongful Death**

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the *pecuniary loss* suffered by the *heirs*." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 1263 (2006) (emphasis original). In their Motion, HIG argues that Plaintiffs' negligence claim fails to plead: (1) any negligence allegations specific to HIG, (2) any special relationship between HIG and Lozano that would give rise to a duty of care, and (3) any action taken by HIG that was a breach of any duty of care. Mot. 22. In response, Plaintiffs state that HIG owns a controlling interest in CFMG and accordingly, undertook a duty to provide medical care to Lozano and breached that duty. Opp'n 14. Plaintiffs' response recites the elements of a wrongful death action, but does not provide any facts to support a finding they have plausibly alleged a wrongful death claim against HIG. As stated above, Plaintiffs' allegation that HIG owns a controlling interest in CFMG is insufficient to allege alter ego, and thus

impute a duty of care to HIG.  Therefore, Plaintiffs' Complaint fails to state a claim for wrongful death against HIG.[3]

## CONCLUSION

For the foregoing reasons, the court GRANTS HIG's Motion with 20 days' leave to amend, except as to the third and fourth causes of action which are DISMISSED as to HIG with prejudice.

IT IS SO ORDERED.

Dated: September 26, 2022

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

---

[3] Having granted HIG's Motion to Dismiss as to each cause of action, the court need not address the parties' remaining arguments, including HIG's request to strike punitive damages.

9